UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANITA BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01792-TWP-MKK |
| | ) | |
| DELAWARE COUNTY TREASURER | ) | |
| AUDITOR, DELAWARE COUNTY CIRCUIT | ) | |
| COURT 5, and DELAWARE COUNTY | ) | |
| CIRCUIT COURT 1 | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DENYING MOTION TO SEAL, SCREENING COMPLAINT, AND ORDER TO SHOW CAUSE**

On October 4, 2023, *pro se* Plaintiff Anita Bryant ("Plaintiff") initiated this civil action by filing her fill-in-the-blank Complaint for a Civil Case against Defendants the Delaware County Treasurer Auditor, the Delaware County Circuit Court 5, and the Delaware County Circuit Court 1 (Filing No. 1). Plaintiff also filed a redacted version and a sealed unredacted version of her motion to proceed *in forma pauperis* (Filing No. 4; Filing No. 5); a motion to maintain the unredacted version of her motion under seal (Filing No. 6); and a motion for a temporary restraining order, titled "Emergency Rule 65 U.S.C., Title 28 § 2284 Stay to Set Aside the Tax Deed Pending Review of Complaint" ("Motion for TRO") (Filing No. 7). Because Plaintiff is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    Filing Fee**

Plaintiff's motion for leave to proceed *in forma pauperis* without prepaying fees or costs (Filing No. 4; Filing No. 5) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed

without *pre*-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 U.S. Dist. LEXIS 84869, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 U.S. Dist. LEXIS 106067, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

## II. __Motion to Seal__

Plaintiff publicly filed a redacted version of her motion for leave to proceed *in forma pauperis*. The unredacted version was filed under seal and accompanied by a Motion for Leave to File Motion to Proceed Under Pauperis Under Partial Seal ("Motion to Seal") (Filing No. 6). Motions to file under seal are governed by Local Rule 5-11, which requires that the motion be accompanied by a brief in support including:

(1) identification of each specific document or portion(s) thereof that the party contends should remain under seal;

(2) the reasons demonstrating good cause to maintain the document, or portion(s) thereof, under seal including:

 (A) why less restrictive alternatives to sealing, such as redaction, will not afford adequate protection;

 (B) how the document satisfies applicable authority to maintain it under seal; and

 (C) why the document should be kept sealed from the public despite its relevance or materiality to resolution of the matter;

(3) a statement as to whether maintenance of the document under seal is opposed by any party; and

(4) a proposed order as an attachment.

Plaintiff did not submit such a brief. Instead, in her Motion to Seal, she states that the information contained in her motion for leave to proceed *in forma pauperis* "is confidential information, and is unrelated to petitioner's case" (Filing No. 6 at 1). Plaintiff further states that she "filed [a] Notice of Exclusion and confidential status to public in state court's e filing system for same motion. No order was officially granted, or required upon request. . . . Said documents are currently and indefinitely under the same status." *Id.* at 2.

Plaintiff has not identified any proper grounds for maintaining her motion for leave to proceed *in forma pauperis* under seal. The fact that Plaintiff has filed similar information under seal in other courts, pending a decision as to whether that information may remain under seal, is not adequate grounds. It is likewise not enough that Plaintiff prefers to keep her employment and financial information private. "What happens in the federal courts is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification. The Supreme Court issues public opinions in all cases, even those said to involve state secrets." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *overruled in part on other grounds by RTP LLC v. Orix Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016). Plaintiff has not identified good cause for maintaining that information under seal, so her Motion to Seal (Filing No. 6) is **denied**. The Clerk is **directed** to unseal the motion to proceed *in forma pauperis* docketed at Filing No. 5.

### III.    Screening

The Seventh Circuit has explained,

[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to

service on the defendants, and must dismiss the complaint if it fails to state a claim.
28 U.S.C. § 1915(e) (2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## IV.    **Plaintiff's Complaint**

In her Complaint, Plaintiff asserts claims under the Fifth and Fourteenth Amendments of the United States Constitution (Filing No. 1 at 2). The Complaint asserts federal question jurisdiction as the basis for federal jurisdiction. *Id.* Plaintiff's claims arise from two state court cases: a supervised estate action for the estate of Plaintiff's late mother; and an action for the tax sale of a property located at 3915 South Ebright Street, Muncie, Indiana (the "Property"). The Court will briefly summarize each underlying state court case and Plaintiff's present claims related to each case.

4

### a.  Underlying Estate Case

On June 17, 2021, an action for supervised estate administration was opened for the estate of Laura J. Bryant (the "Estate"), Plaintiff's late mother, in the Delaware Circuit Court 1 under Case No. 18C01-2106-ES-000015 (the "Underlying Estate Case"). Plaintiff's brother, Leonard Bryant, was appointed as Personal Representative of the Estate. The Underlying Estate Case was vigorously contested by Plaintiff, and Plaintiff filed three appeals during its pendency. The first two appeals (the appeal of an interlocutory order and a Petition for Writ of Mandamus) were both involuntarily dismissed shortly after they were filed. The third appeal, filed with the Indiana Court of Appeals under Case No. 22A-ES-02345, remains pending.

In her Complaint, Plaintiff alleges Delaware Circuit Court 1 violated Plaintiff's constitutional rights by failing to take, or improperly taking, certain actions, specifically with respect to the Property. Plaintiff alleges, among other things, that Delaware Circuit Court 1: failed to remedy purported misrepresentations made by the Estate's attorney that the Property was not subject to a tax sale; "[f]ailed to take action when [Plaintiff] brought to the attention of the court that property taxes [for the Property] were not paid during the course of the hearings"; failed to grant an injunction to stop the tax sale of the Property; improperly allowed the tax sale to proceed in Delaware Circuit Court 5, instead of Circuit Court 1; improperly conducted a hearing on Plaintiffs' motions while an application for transfer to the Indiana Supreme Court remained pending; and ignored Plaintiff's objections to the Estate inventory (Filing No. 1 at 8–9, 18).

### b.  Underlying Tax Sale Case

On August 25, 2023, while the Underlying Estate Case was pending, the Delaware County Auditor initiated tax sale proceedings for the Property. On August 29, 2023, the Delaware Circuit Court 5 entered its Judgment and Order of Sale. The next day, Plaintiff filed her unverified Objection to Tax Sale as a "Beneficiary/Heir" of the Estate, arguing that the Estate's Personal

Representative and Attorney gave inaccurate information to Delaware Circuit Court 1, and the tax sale should be enjoined. On September 28, 2022, the Delaware Circuit Court 5 held a hearing on Plaintiff's Objection, and on September 30, 2022, it issued its order finding that Plaintiff lacked standing to object to the sale as a mere beneficiary of the Estate.

On October 7, 2022, Plaintiff filed a motion to stay the tax sale pending an appeal. On October 10, 2022, the Delaware Circuit Court 5 denied that motion. On October 11, 2022, Plaintiff filed an appeal of the September 30, 2022 order and a request for an emergency stay with the Court of Appeals under Case No. 22A-TS-2380 (the "Tax Sale Appeal"). The Court of Appeals denied the emergency stay on October 12, 2022. On March 9, 2023, the Court of Appeals issued its decision dismissing the Tax Sale Appeal for lack of standing.

In her Complaint, Plaintiff alleges that the Delaware County Auditor failed to provide constitutionally sufficient notice of the tax sale; failed to meet its burden of proof; improperly initiated the Underlying Tax Sale Case in Delaware Circuit Court 5 instead of Delaware Circuit Court 1, where the Underlying Estate Case was pending; and failed to raise Plaintiff's lack of standing with the trial court (Filing No. 1 at 7). Plaintiff further alleges that the Delaware Circuit Court 5 improperly issued a Judgment of Order and Sale; interfered with Delaware Circuit Court 1's jurisdiction over the action; and erred in deciding that Plaintiff lacked standing to object to the tax sale. *Id.* at 8.

### c. **Plaintiff's Requested Relief**

Plaintiff asks the Court for the following relief:

Reverse and Remand the Judgment of Order of Sale in [the Underlying Tax Sale Case] on the grounds that Constitutionally sufficient notice was not provided to the Estate, and its parties, thereof. Reverse and Remand the Opinion published by the Indiana Court of Appeals on March 9, 2023 [in the Tax Sale Appeal], due to my constitutional rights being violated in the lower courts. If possible, I would like a ruling on my Due Process rights being violated in Delaware County Circuit Court 1 [in the Underlying Estate Case], and a referral to the Indiana Supreme Court for

a Special Judge be appointed to oversee the case, that is unaffiliated with Delaware County.

(Filing No. 1 at 5). Plaintiff further asserts that "the U.S. Supreme Court has yet to rule on my Motion to Proceed in Forma Pauperis, my Writ of Certiorari, and most importantly my Stay. Due to time constraints, I have opted to file this complaint with this court. . . . The Indiana Redemption period expires on October 11, 2023." *Id.* at 17–18.

## V.      Dismissal of Plaintiff's Complaint

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations of the Complaint, this Court does not have jurisdiction to adjudicate Plaintiff's claims. Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, and her claims against the Delaware Circuit Courts are further barred by the doctrine of judicial immunity.

The *Rooker-Feldman* doctrine derives from two decisions of the United States Supreme Court: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). According to this doctrine, lower federal courts are precluded from exercising jurisdiction over claims seeking review of state court judgments or over claims "inextricably intertwined" with state court determinations. *See, e.g., Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).

Here, Plaintiff plainly seeks review of the orders issued by state courts in the Underlying Estate Case, the Underlying Tax Sale Case, and the Tax Sale Appeal, and Plaintiff has expressly requested that the Court set aside the judgments in those cases. The Court accordingly lacks

jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. Notably, Plaintiff seems to understand that her remedy is to file appeals with the United States Supreme Court—not this Court—but she filed this action anyway "[d]ue to time constraints" (Filing No. 1 at 17). Those time constraints, however, are not a basis for subject matter jurisdiction.

Further, the Delaware Circuit Courts have judicial immunity, and this Court would not have jurisdiction to adjudicate claims against them. Judges are entitled to absolute immunity where, as here, the challenged actions are "judicial in nature." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

For the above reasons, the Court lacks jurisdiction over Plaintiff's claims, and this action is subject to dismissal for the reasons set forth above. Moreover, because this Court lacks jurisdiction, the Court is unable to consider Plaintiff's Motion for TRO at this time (Filing No. 7).

## VI.   <u>Opportunity to Show Cause</u>

For the foregoing reasons, Plaintiff's Application to Proceed Without Prepaying Fees or Costs on Appeal (Filing No. 4; Filing No. 5) is **GRANTED**, Plaintiff's Motion for Leave to File Motion to Proceed Under Pauperis Under Partial Seal (Filing No. 6) is **DENIED**, and the Clerk is **DIRECTED** to unseal the motion to proceed *in forma pauperis* docketed at Filing No. 5. Having screened the Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. Plaintiff is granted leave to file an amended complaint by no later than **Friday, November 10, 2023**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED**.

9

Date:   10/11/2023

_____

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANITA BRYANT
6902 W. Hillsborough Ave.
Tampa, FL 33634

10